UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, # 267009,

    Petitioner,                        CASE NO. 2:10-CV-10668
v.                                    HONORABLE STEPHEN J. MURPHY, III

NICK LUDWICK, et. al.

    Respondents,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS**

Derrick Lee Smith, ("petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Smith claims that prison officials are violating his First Amendment right to the free exercise of his religion. For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed without prejudice.

**I. Background**

Mr. Smith is serving a sentence of 22 ½ to 75 years out of the Wayne County Circuit Court for the offense of kidnapping. Mr. Smith claims to be a member of the Jewish faith. Mr. Smith claims that he has been denied the right by prison officials to participate in the kosher meal diet program, thus violating a central tenet of his Jewish belief system. Mr. Smith contends that the decision to bar him from the kosher meal diet program violates his First Amendment right to the free exercise of religion.

## II. Discussion

The instant petition is subject to summary dismissal because Mr. Smith is challenging the conditions of his confinement, as opposed to the length or duration of his sentence.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the one raised by Mr. Smith which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Mr. Smith should therefore bring a claim which challenges the conditions of confinement under 42 U.S.C.§ 1983. *Id.; See also Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). Mr. Smith's claim that prison officials have discriminated against his religious beliefs or practices or refused to allow him to participate in a religious program does not implicate the length or duration of his sentence, therefore, habeas corpus is not the appropriate remedy for Mr. Smith to obtain relief. *See Williams-Bey v. Buss,* 263 Fed. Appx. 523, 524 (7th Cir. 2008); *See also Archer v. Hofbauer,* No. 2008 WL 4682538, * 1 (W.D. Mich. October 22, 2008); *Bryant v. Carlson,* 363 F. Supp. 928, 929-930 (E.D. Ill. 1973). Because Mr. Smith challenges only the conditions of his confinement, his claims

"fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 Fed. Appx. 389, 393 (6th Cir. 2006).

The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004). Accordingly, the Court will dismiss the instant petition without prejudice.

### III. Conclusion

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Mr. Smith is not entitled to a certificate of appealabilty, because jurists of reason would not find debatable this Court's decision that petitioner's challenge to his condition of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quarterman,* 265 Fed. Appx. 371, 377 (5th Cir. 2008). The Court will also deny petitioner leave to appeal *in forma pauperis,* because

the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry 1] is **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 30, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager